PATTERSON, Judge.
Josephine Hatton appeals from the final order of the Unemployment Appeals Commission (UAC) which reverses an appeals referee’s decision which grants her unemployment compensation. We reverse.
Hatton was fired from her job at Mister Donut. She applied for unemployment compensation, but the claims examiner determined that she had been fired for misconduct and denied her request. She appealed the claims examiner’s decision and, after several postponements, a hearing was held before an appeals referee. The employer failed to appear at the hearing. Thereafter, the appeals referee entered an order reversing the claims examiner’s determination that Hatton was not entitled to benefits.
The employer appealed to the UAC, raising only the issue that it did not receive notice of the hearing. The UAC vacated the decision of the appeals referee and remanded for further proceedings to determine whether adequate notice was given. A second hearing was held during which the appeals referee heard testimony concerning the employer’s method of handling mail. The referee did not then conclude the hearing upon receiving evidence as to the issue of notice; rather, she continued to receive testimony concerning the merits of the case. The appeals referee found that the employer had received notice of the hearing and entered an order dismissing the case.
The employer filed an appeal, claiming that Hatton was not entitled to unemployment benefits because she was fired for misconduct. The UAC reversed the decision of the appeals referee and denied Hat-ton unemployment compensation.
*262 Although the UAC has the authority to order a de novo hearing pursuant to section 443.151(4)(c), Florida Statutes (1989), it did not do so. The order, No. 89-4238, reversing the appeals referee’s determination and remanding for further proceedings stated that the “referee should adduce evidence bearing upon the delivery of the original notice of hearing. If it is shown that the employer was not given adequate notice of the hearing, it would then be appropriate for the referee to take evidence on the involved issues at the hearing.”
Once the appeals referee determined that the employer did not overcome the presumption that it received notice of the hearing, she properly dismissed the appeal. The UAC erred in considering the evidence on the merits of the case and overturning the appeals referee’s dismissal. By reconsidering the merits of the case, the UAC improperly gave the employer a second appeal.
Accordingly, we reverse the order of the UAC denying Hatton unemployment benefits.
SCHOONOVER, C.J., and PARKER, J., concur.